IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRANDON CHAMBERS, ) | CASE NO. 1:23 CV 2177 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| UNITED STATES DISTRICT COURT, ) | |
| ) | |
| Defendant. ) | |

*Pro se* Plaintiff Brandon Chambers, a Defendant in pending criminal case 1:21-cr-00848-SO-1 (N.D. Ohio filed Dec. 2, 2021), filed this action under the Federal Tort Claims Act ("FTCA") against the United States District Court for the Northern District of Ohio, Eastern Division to challenge decisions made by the judge and prosecutor in the course of his criminal prosecution. Because the United States is the only proper Defendant in a suit under the FTCA, this case shall be construed solely against the United States Government. 28 U.S.C. § 2679(a). Chambers asserts that Assistant United States Attorney ("AUSA") missed discovery deadlines and committed prosecutorial misconduct. He claims that the District Judge should have dismissed the case against him rather than allowing it to proceed to trial. He seeks monetary damages and injunctive relief.

**Factual and Procedural Background**

Chambers is the Defendant in a criminal case pending in this District Court before the Honorable Solomon Oliver, Jr. *United States v. Chambers*, No. 1:21-cr-00848-SO-1 (N.D. Ohio

filed Dec. 2, 2021). He was indicted on two counts of possession with intent to distribute a controlled substance (Methamphetamine) on December 2, 2021. At his initial appearance after his arrest, United States Magistrate Judge Thomas M. Parker advised the Government of its obligations pursuant to the Due Process Protections Act, and reminded the government of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963). The Magistrate Judge appointed attorney Russell S. Bensing to represent Chambers; however, at a later date Chambers elected to represent himself and Bensing remained as stand-by counsel. He was detained first in the Northeast Ohio Correctional Center ("NEOCC") and then in the Mahoning County Jail pending trial.

Chambers's self representation and his detention status presented some logistical issues for the AUSAs to comply with the discovery requirements. They contacted NEOCC to inquire about the best way to get discovery to Chambers. NEOCC suggested documents be downloaded to a CD and sent to the prison; however, there were issues with the disc and Chambers did not receive his copy of the discovery. On January 26, 2022, Judge Oliver granted a sixty-day continuance of the case to allow the Government to attempt other means of getting discovery to Chambers and to give Chambers an opportunity to review the discovery. Chambers refused attempts by the government to bring him in person to review the video discovery and declined delivery of discovery indicating his belief that acceptance of the discovery would negate his jurisdictional argument.

Chambers also insisted on appearing in person for all pretrial hearings. During several of these hearings, Chambers became disruptive, spoke without permission from the court and would not conclude speaking when instructed to do so by the court. Eventually, he was held in

contempt of court. He also indicated to the Court that he would not cooperate with transportation measures because he did not feel safe in a vehicle without seatbelts. The Court authorized the Marshals to use reasonable force to compel his appearance in court.

A jury trial was held in August 2023. On August 17, 2023, the jury returned a verdict of guilty on both counts in the indictment. Sentencing has been scheduled for December 7, 2023.

Chambers now files this civil action under the Federal Tort Claims Act to challenge his criminal proceedings. Specifically, Chambers claims AUSA Robert Kolansky was negligent in failing to provide discovery in a manner accessible to him. He contends the United States Attorney only requested one extension of the discovery deadline and he never waived the deadline. He claims Kolansky failed to use reasonable care in providing the discovery. Chambers further claims that the Government did not have the laboratory results to substantiate the identity of the illegal drugs until the discovery deadline passed. He claims that until that report was produced, there was no evidence against him that the prosecution could use to charge him. He claims this was prosecutorial misconduct which resulted in extreme prejudice. Chambers also alleges that District Court should have dismissed his case without the report. He contends the delay in receipt of the report did not extend the time within which to conduct a trial. He claims the Court violated his right to a speedy trial. He seeks monetary damages and injunctive relief "from continuing conduct and persistent effects of concluded conduct." (Doc. No. 1 at PageID #: 9).

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### Discussion

As an initial matter, Chambers cannot challenge his criminal conviction under the FTCA. In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Plaintiff must prove that the conviction or sentence has been reversed on direct appeal or called into question by a federal court's grant of a Motion to Vacate filed under 28 U.S.C. § 2255. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable. Although perhaps most often applied to bar actions under 42 U.S.C. § 1983, the *Heck* doctrine bars federal civil claims under other statutes if their success would imply the invalidity of a conviction or any part of a sentence. This includes claims brought under the FTCA. *See Bradshaw v. Jayaraman*, No. 98–6710, 205 F.3d 1339, 1999 WL 1206870, *2 (6th Cir. Dec.9, 1999)("[A]s to the FTCA ... claims ..., the district court properly dismissed the Complaint as frivolous because Bradshaw essentially challenges his conviction."); *McGee v. United States*, No. 1:08-CV-154, 2009 WL 909589, at *1 (W.D. Mich. Mar. 31, 2009)(barring FTCA and *Bivens* claims as barred by the *Heck* doctrine). *See also Paulus v. Light*, No. 96–2355, 121 F.3d 709, 1997 WL 461498, *1 (6th Cir. Aug.12, 1997)("Paulus's civil RICO claim is likewise barred by *Heck*." ); *Johnston v. Sanders*, 86 F. App'x 909, 912 (6th Cir. 2004)("This court has extended *Heck* to *Bivens* actions....").

In this case, Chambers's speedy trial, prosecutorial misconduct, malicious prosecution and abuse of process claims would call into question the validity of his conviction if this Court granted judgment in his favor on those claims. He therefore cannot proceed with this action

unless his conviction has been reversed on appeal or set aside in a habeas corpus action. Chambers, however, has not yet been sentenced, and therefore has not had the opportunity to raise these claims on direct appeal or in a Motion to Vacate. He cannot proceed with this action.

Furthermore, even if Chambers could proceed with this action, his claims under the FTCA would be dismissed. The United States, as a sovereign, is immune from suit unless it explicitly waives its immunity. *United States v. Sherwood*, 312 U.S. 584, 590-91 (1941). By enacting the FTCA, Congress waived the United States' sovereign immunity under very limited circumstances for claims against the federal government arising from torts committed by federal employees who are acting within the scope of their employment. 28 U.S.C. §§ 1346(b)(1), 2679(d)(1); *United States v. Orleans*, 425 U.S. 807 (1976). Congress defined the exact terms and conditions upon which the government may be sued and the terms of the United States' consent define the parameters of federal court jurisdiction to entertain suits brought against the United States. *United States v. Orleans*, 425 U.S. at 814; *Honda v. Clark*, 386 U.S. 484, 501 (1967).

The parameters placed on these tort claims dictate that they "shall forever be barred unless...presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). The timely filing of an administrative claim is a requirement of the FTCA. If the administrative requirements of the FTCA have not been fulfilled, the case must be dismissed. *Dolan v. U.S.*, 514 F.3d 587, 593 (6th Cir. 2008). This Court cannot extend the waiver of immunity beyond what Congress intended. *United States v. Kubrick*, 444 U.S. 111, 118 (1979). Because section 2401(b) is a condition of the United States' waiver of immunity, it must be interpreted solely by reference to federal law.

Chambers's FTCA claim fails for two reasons. First, Chambers gives no indication that he exhausted his administrative remedies with respect to his claims. Because exhaustion of administrative remedies is an absolute, unwaivable prerequisite to pursuing a claim under the FTCA and is a condition of the waiver of sovereign immunity, the Court must dismiss Chambers's claims against the United States. Second, the only discernable tort claims that Chambers asserts are those of malicious prosecution and abuse of process. Those claims are specifically exempted from the statute. 28 U.S.C. § 2680(h). His other claims are matters of constitutional law, not state tort law. Those claims would fall under *Bivens*. The United States has not waived its sovereign immunity for *Bivens* claims. *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70 (2001); *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994). Moreover, all of the allegations pertaining to the AUSA and to the District Judge involve discretionary actions. The discretionary function exception of the FTCA insulates the government from liability for claims arising from a federal actor's exercise of a discretionary function or duty. 28 U.S.C. § 2680(a). The focus of this inquiry is on whether the actor had any "element of judgment or choice" in taking his course of action or whether he was controlled by mandatory statutes or regulations. *United States v. Gaubert*, 499 U.S. 315, 328 (1991); *Rosebush v. United States*, 119 F.3d 438, 441 (6th Cir. 1997). In addition, the Court must determine whether that judgment is of the kind that the discretionary function exception was designed to shield. *Gaubert*, 499 U.S. at 322-23. In this case, the actions of the judge and the AUSA in question pertain to their decisions on whether to proceed with the case or dismiss it, and how best to present the case. These actions are wholly discretionary and are precisely the types of decisions that the discretionary function test was designed to shield. Consequently, even if these

claims were not already barred by *Heck*, they would be excluded from suit under the FTCA.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: November 28, 2023